```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**RAGNA TRIPLETT-FAZZONE,**

    **Plaintiff,**                         Case No. 2:12-cv-331
                                            Judge Sargus
             **v.**                          Magistrate Judge King

**CITY OF COLUMBUS DIVISION
OF POLICE,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on *Plaintiff's Motion to Extend the Time for Service to Defendant Josh Wycuff and Newly Discovered Defendant Officer J.P. Burns*, Doc. No. 57, and *Plaintiff's Motion to Extend the Time for Service to Defendant Josh Wycuff and Newly Discovered Defendant Officer J.P. Burns*, Doc. No. 58 ("*Motion to Extend*").[1]

**I.    BACKGROUND**

On April 13, 2012, plaintiff, who is proceeding without the assistance of counsel, filed the original *Complaint*, Doc. No. 2, which names as defendants the "City of Columbus Division of Police," "Franklin County Sheriff's Department," "The Sugar Bar" and "Unknown Defendants." *Id*. Thereafter, certain defendants filed answers to the

---

[1] Although the motions reflect the same title, the earlier motion, Doc. No. 57, filed on December 31, 2012, contains two handwritten pages and explains that plaintiff had difficulty printing a typed motion, which appears to be Doc. No. 58, filed on January 2, 2013. In light of this, and because both motions contain the same *Exhibit 1*, the Court will regard both filings as a single motion filed on December 31, 2012.

1

*Complaint*. *See* Doc. Nos. 4, 6. On August 30, 2012, plaintiff filed an amended complaint, Doc. No. 10 (the "*Amended Complaint*"), naming the same entities as defendants, *i.e.*, the "City of Columbus Division of Police," "Franklin County Sheriff's Department," "The Sugar Bar" and "Unknown Defendants," as well as several individuals, including Chris Corso, Michael Gallicchio, Brian Swanson, Josh Wycuff, "Officer (Detective) Brian Keefe" and Officer Daniel Hargus. *Id*. Asserting claims under 42 U.S.C. § 1983, plaintiff alleges that, on April 15 and 16, 2010, defendants violated plaintiff's rights under the 4th, 5th, 8th and 14th Amendments when she was arrested, subjected to excessive force during the course of her arrest and physical abuse while detained in the workhouse. *Id*. at 2-8. Plaintiff also asserts state law claims of emotional distress, defamation and battery. *Id*. at 6.

This Court established a deadline of September 28, 2012 for filing motions or stipulations for leave to amend the pleadings. *Preliminary Pretrial Order*, Doc. No. 12, p. 2. The deadline for discovery is April 15, 2013 and motions for summary judgment may be filed no later than May 15, 2013. *Id*. The Court also advised plaintiff that "the claims against any defendant not served with process within 120 days of the filing of the pleading asserting the relevant claim (*i.e.*, the *Complaint* or *Amended Complaint*) must be dismissed unless plaintiff seeks an extension of time in which to effect service of process." *Id*. at 1-2.

On August 30, 2012, a summons was issued to, *inter alios*, Josh Wycuff, Doc. No. 9. That summons was returned unexecuted, Doc. No. 13. Nevertheless, on October 2, 2012, defendant Wycuff filed a motion

2

to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), Doc. No. 22, and later filed a supporting reply memorandum, Doc. No. 36. Defendant Wycuff has also moved to strike one of plaintiff's motions, Doc. No. 48, and has responded to her motion for leave to file a sur-reply, Doc. Nos. 54, 55.

On February 21, 2013, another summons was issued to defendant Wycuff. Doc. No. 63. At the same time, plaintiff sought the issuance of a summons for service directed to J.P. Burns, which the Court rejected. *Notice of Non-Issuance of Summons*, Doc. No. 64, p. 1 (advising plaintiff that the summons is not directed to a named defendant and asking that plaintiff "resubmit a summons in proper form for issuance").

On March 1, 2013, plaintiff filed documents reflecting her attempts to effect service on defendant Wycuff and Officer J.P. Burns. Doc. Nos. 66, 67. Both documents indicate that plaintiff attempted a FedEx shipment to each individual. The filings do not reflect the signature of either individual. These filings do not reflect effective service of process on either defendant Wycuff or Officer J.P. Burns. A plaintiff may not personally effect service of process. *See* Fed. R. Civ. P. 4(c)(2)("Any person who is at least 18 years old and not a party may serve a summons and complaint.") Moreover, the filings do not indicate that a copy of either the original *Complaint* or the *Amended Complaint* accompanied the summons. *See* Fed. R. Civ. P. 4(c)(1)("A summons must be served with a copy of the complaint.") Finally, service by FedEx shipment is not authorized by either federal or state law. *See* Fed. R. Civ. P. 4(e).

3

Under these circumstances, the Court will consider the substance of plaintiff's motion.

## II. JOSH WYCUFF

The docket reflects that defendant Wycuff has actively participated in this litigation since the filing of the *Amended Complaint*. *See*, *e.g.*, Doc. Nos. 22, 36, 48, 54, 55. Indeed, even in the motion to dismiss, Doc. No. 22, defendant Wycuff does not assert a defense based on any defect in service of process on him. Based on the present record, defendant Wycuff has waived any deficiency in service of process on him. *See* Fed. R. Civ. P. 12(h)(1).

## III. OFFICER J.P. BURNS

Neither the original *Complaint* nor the *Amended Complaint* names Officer J.P. Burns as a defendant. Instead, plaintiff apparently seeks to replace one of the "Unknown Defendants" referred to in those pleadings with Officer J.P. Burns. *Motion to Extend*, p. 4 (explaining that plaintiff recently learned through discovery that Officer Burns is "the previously unknown individual" who committed certain alleged acts against plaintiff). Although plaintiff cites to various rules to support her motion for additional time in which to serve Officer Burns, *i.e.,* Fed. R. Civ. P. 6, 21 and 60, it is Rule 15(c) that actually governs her request to amend the complaint to add Officer J.P. Burns as a defendant in place of one of the "Unknown Defendants." *See*, *e.g.*, *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties" that must meet the requirements or Rule 15(c) "in order for the

4

amendment adding the named defendant to relate back to the filing of the original complaint.").

Rule 15(c) provides, in pertinent part, the following:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;

    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The United States Court of Appeals for the Sixth Circuit has held that "new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of" this rule. *Cox*, 75 F.3d at 240. Therefore, a court must deny a motion for leave to amend where the proposed amendment would be futile because it is untimely or barred by the applicable statute of limitations. *See, e.g., Beatty v. Sunbeam Corp.*, Nos. 03-1969/1970, 110 Fed. Appx. 677, at *677 (6th Cir. Oct. 6, 2004) (affirming denial of leave to amend where the statute of limitations had run and where the amendments could not relate back under Rule 15(c)); *Shaw v. Pfeiffer*, No. 2:05-CV-00176, 2006 U.S.

Dist. LEXIS 63932, at *20-21 (S.D. Ohio Sept. 7, 2006) (denying leave to amend where the requested amendment would be futile because the statute of limitations for the plaintiff's § 1983 claims had passed).

Here, plaintiff alleges that the events underlying her claims occurred on April 15 and 16, 2010. Plaintiff's claims are governed by either a one- or two-year statute of limitations. *See*, *e.g.*, *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (stating that the statute of limitations for § 1983 claims is two years); O.R.C. §§ 2305.11(A) (providing a one-year statute of limitations for defamation claims), 2305.111(B) (providing a one-year statute of limitations for claims of battery); *Ruckman v. Riebel*, No. 2:11-cv-874, 2012 U.S. Dist. LEXIS 131238, at *11 (S.D. Ohio Sept. 14, 2012) ("Plaintiff's claim for intentional infliction of emotional distress is also limited by the one year statute of limitations applicable to assault, pursuant to Ohio Revised Code § 2305.111(B), because the acts underlying this claim would support another tort.") (citing *Freeman v. City of Lyndhurst*, No. 1:09 CV 2006, 2010 U.S. Dist. LEXIS 23238, at *9-12 (N.D. Ohio Mar. 12, 2010)). The statute of limitations applicable to plaintiff's claims expired on April 16, 2011 or April 16, 2012, which is well before her December 31, 2012 motion seeking leave to join Officer J.P. Burns as a defendant. In short, plaintiff's attempt to amend the complaint to add Officer J.P. Burns as a defendant is time-barred and would therefore be futile. Moreover, the fact that plaintiff previously referred to "Unknown Defendants" does not change this analysis because naming "Doe" defendants will not save plaintiff's untimely amendment. *See*, *e.g.*, *Cox*, 75 F.3d at 240 ("It

is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.").

**WHEREUPON**, *Plaintiff's Motion to Extend the Time for Service to Defendant Josh Wycuff and Newly Discovered Defendant Officer J.P. Burns*, Doc. No. 57, and *Plaintiff's Motion to Extend the Time for Service to Defendant Josh Wycuff and Newly Discovered Defendant Officer J.P. Burns*, Doc. No. 58, are **DENIED as moot** as to defendant Josh Wycuff and **DENIED** as to Officer J.P. Burns.

March 5, 2013 *s/Norah McCann King*
Norah McCann King
United States Magistrate Judge