UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAGNA TRIPLETT-FAZZONE,**

        **Plaintiff,**

        **v.**

**CITY OF COLUMBUS DIVISION
OF POLICE,** *et al.,*

        **Defendants.**

**Case No. 2:12-CV-00331
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp**

**OPINION AND ORDER**

Plaintiff, Ragna Triplett-Fazzone, brings this action against multiple Defendants alleging various federal and state law claims.  This matter is before the Court for consideration of the Motion to Dismiss Claims Against Defendants Officer Brian Keefe and Officer Daniel Hargus' in Amended Complaint (ECF No. 15); Defendant Franklin County Sheriff's Motion to Dismiss Plaintiff's Complaint (ECF No. 16); and the Motions to Dismiss of Defendants Chris Corso, Michael Gallicchio, Brian Swanson, and Josh Wycuff (ECF Nos. 19, 20, 21, 22).  At this time the Court will also consider Plaintiff's Motion for Reconsideration of the Magistrate Judge's March 13, 2013 Opinion and Order.  (ECF No. 69.)  For the reasons that follow, the Motion to Dismiss of Officers Keefe and Hargus is **GRANTED** in part subject to the conditions outlined within this Opinion and Order; the Motion to Dismiss of the Franklin  County Sheriff's Department is **GRANTED**; the Motions to Dismiss of Defendants Chris Corso, Michael Gallicchio, and Brian Swanson are **GRANTED**; and the Motion to Dismiss of Defendant Josh Wycuff is **GRANTED** in part and **DENIED** in part.  Plaintiff's Motion for Reconsideration is **DENIED**.

## I. Background

A.    **Factual Allegations**[1]

Plaintiff, who is proceeding *pro se*, brings several claims stemming from an April 2010 incident.  During the night of April 15, 2010, and into the morning of April 16, 2010, Plaintiff was present at the Sugar Bar, a Columbus nightclub.  (Am. Compl. 2, ECF No. 10)  Plaintiff maintains that while she was dancing, her purse was stolen.  (*Id.*)  According to Plaintiff, once she realized that her purse was missing—apparently shortly after the event happened—she immediately went to inform the doorman.  (*Id.*)  Plaintiff asserts that Defendant Josh Wycuff ("Wycuff"), an employee of the Sugar Bar, was at the door.  (*Id.* at 3.)  Plaintiff indicates that despite her report of a crime, Wycuff did not help her.  (*Id.*)  In light of Wycuff's inaction, Plaintiff asserts that she held her arms out to try and control the crowd leaving the nightclub and to slow people down.  (*Id.*)  Plaintiff maintains that Wycuff then made a hand signal to nearby Columbus City Police Officers and pointed at her.  (Am. Compl. 3.)

According to Plaintiff, Defendant Columbus City Police Officer Brian Keefe ("Officer Keefe") then came up behind her.  (*Id.*)  Plaintiff asserts that Officer Keefe handcuffed and arrested her without any dialogue.  (*Id.*)  Plaintiff contends that she attempted to explain the nature of the disruption.  (*Id.*)  She maintains that, at this point, Defendant Columbus City Police Officer Dan Hargus ("Officer Hargus") joined Officer Keefe.  (*Id.*)  Plaintiff asserts that the officers placed her in the back of a police cruiser.  (*Id.*)  Plaintiff contends that despite her verbal

---

[1] After filing her original Complaint, Plaintiff filed an Amended Complaint.  Because the Amended Complaint provides greater detail regarding Plaintiff's claims, the Court will rely on the Amended Complaint in summarizing the allegations.  As Plaintiff fails to number the paragraphs within her Amended Complaint, the Court's citations are to page numbers.

protests, and the fact that she was unarmed, Officers Keefe and Hargus proceeded to place her in

a "[d]eadly [f]orce position" and "hogtie" her in the cruiser's back seat. (Am. Compl. 3.)

Plaintiff asserts that Officers Keefe and Hargus subsequently dragged her down the street in

order to transfer her custody to the Franklin County Sheriff. (*Id.* at 4)  She further contends that

at no point did the Officers take a report regarding her stolen purse. (*Id.*)

Plaintiff was taken to, and incarcerated in, the Jackson Pike Women's Workhouse. (*Id.* at

4.)  According to Plaintiff, while she was silently waiting in a jail cell, an unknown employee of

the Franklin County Sheriff's Department approached her. (*Id.*)  Plaintiff asserts that this

employee grabbed her arm and forced the arm behind her back, grabbed her by the hair, and than

slammed her head into a metal bench. (*Id.* at 5.)

Plaintiff was eventually released on bail. (Am. Comp. 5.)  Following her release, Plaintiff

visited Columbus City Police headquarters to report the theft of her purse. (*Id.*)  She maintains

that she also made reports of misconduct to internal affair divisions within the City of Columbus

Police Department and the Franklin County Sheriff's Department. (*Id.*)  Plaintiff asserts that she

eventually attempted to contact the Sugar Bar, only to discovery that the establishment closed on

July 3, 2010. (*Id.*)  Plaintiff contends that Defendants Chris Corso ("Corso"), Michael Gallicchio

("Gallicchio"), and Brian Swanson ("Swanson") are owners of the establishment formerly known

as the Sugar Bar. (*Id.* at 6.)  Plaintiff maintains that, in closing the Sugar Bar, these Defendants

interfered with her ability to investigate the April 2010 incident. (*Id.* at 8.)

**B.    Procedural History**

Plaintiff filed this action on April 13, 2012.  Within her original Complaint, Plaintiff

named the City of Columbus (Division of Police), the Franklin County Sheriff's Department, the

3

Sugar Bar, and Unknown Defendants. (Compl. 1, ECF No. 2.)  The City of Columbus answered

Plaintiff's Complaint on July 24, 2012 and the Sugar Bar answered the Complaint on August 6,

2012.[2] (ECF Nos. 4, 6.)

On August 30, 2012, Plaintiff filed her Amended Complaint without leave of the Court.

The Amended Complaint added Defendants Corso, Gallicchio, Swanson, Wycuff, Officer Keefe,

and Officer Hargus.  (Am. Compl. 1–2.)  Within the September 5, 2012 Preliminary Pretrial

Order, the Court instructed Defendants to move to strike the Amended Complaint no later than

September 17, 2012.  None of the Defendants moved to strike the Amended Complaint.

Although somewhat unclear, the Amended Complaint appears to bring claims for constitutional

violations pursuant to 42 U.S.C. § 1983.  Plaintiff also brings state law claims—against at least

some Defendants—for battery, infliction of emotional distress, and defamation.  Plaintiff seeks

monetary damages.

On September 13, 2012, Officers O'Keefe and Hargus moved to dismiss the Amended

Complaint.  The Franklin County Sheriff's Department moved for dismissal on September 18,

2012.[3]  Finally, Defendants Corso, Gallicchio, Swanson, and Wycuff each moved to dismiss the

Amended Complaint on October 2, 2012.  Plaintiff responded to these Motions and also received

leave to file a sur-reply.[4]

---

[2] Plaintiff maintains that she did not receive a copy of the Sugar Bar's Answer until the
September 5, 2012 Preliminary Pretrial Conference.

[3] Although the Motion of Franklin County Sheriff's Department seeks dismissal of the
April 13, 2012 Complaint, it also addresses the allegations within the Amended Complaint.

[4] Plaintiff also filed two "Motions to Keep Joinder" (ECF Nos. 17, 24), apparently in
response to the Motions to Dismiss.  Plaintiff's Motions misconstrue Defendants' contentions, as
no Defendant is arguing that they were improperly joined to this action.  Accordingly, such

In January 2013, Plaintiff moved for an extension of time to serve Defendant Wycuff. Plaintiff also moved to add Franklin County Sheriff's Officer J.P. Burns ("Officer Burns") as a newly discovered party.[5]  (ECF No. 58.)  On March 5, 2013, the Magistrate Judge issued an Opinion and Order denying these requests.  (ECF No. 68.)  The Magistrate Judge concluded that Defendant Wycuff waived any deficiency in service and, therefore, any extension of service time for service was unnecessary.  The Magistrate Judge determined that leave to amend to add Officer Burns would be futile, reasoning that any potential claim against Officer Burns would be time-barred.  On March 13, 2013, Plaintiff moved for reconsideration of the Magistrate Judge's Opinion and Order.

## II. Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

When determining whether the facial plausibility standard is met, the Court must accept

---

Motions are **DENIED** as moot.

[5]  According to Plaintiff, Officer Burns is the Franklin County employee that she encountered in the Jackson Pike Women's Workhouse.

all factual allegations as true and construe the complaint in the light most favorable to the

nonmoving party. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com*, L.P., 590 F.3d 381, 384

(6th Cir. 2009). Moreover, the Court must "liberally construe pro se complaints and hold such

complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen.*

*Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). At the same time, however, such "lenient

treatment has limits" and the Court "should not have to guess at the nature of the claim

asserted . . . ." *Id.* at 977 (internal quotations omitted). Relatedly, "Plaintiff's status as a pro se

litigant does not discharge [her] from adhering to the requirements of the Federal Rules of Civil

Procedure." *Longino v. City of Cincinna*, No. 1:12–cv–424, 2013 WL 831738, at *2 (S.D. Ohio

Mar. 6, 2013).

An action will be dismissed pursuant to Rule 12(b)(6) "if on the face of the complaint

there is an insurmountable bar to relief." *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp.

2d 677, 690 (S.D. Ohio 2012). Importantly, "[a] defendant may raise a statute of limitations

defense in the context of a Rule 12(b)(6) motion to dismiss." *Reid v. Baker*, No. 11–5473, 2012

WL 3893122, at *4 (6th Cir. Sept. 7, 2012). "Indeed, while a defendant ordinarily has the burden

to establish its statute of limitations defense, when the court can ascertain from the complaint

that the period for bringing the claim has expired, a plaintiff must affirmatively plead an

exception to the limitations statute." *Id.* at *6. In other terms, "when the face of a complaint

makes it apparent that the time limit for bringing the claim has expired, plaintiff must

affirmatively plead why the violations were not discovered earlier and why the statute should be

tolled." *Id.* at 4.

6

### III. Analysis

**A.    Motions to Dismiss**

####    1.    The Franklin County Sheriff's Department

The Court will first address the Motion to Dismiss of the Franklin County Sheriff's Department. Although this Motion to Dismiss seeks dismissal of Plaintiff's original Complaint, it also addresses the pleadings of the Amended Complaint.

As a preliminary matter, Plaintiff contends that the Court should deny the Motion to Dismiss of the Sheriff's Department as untimely. The record reflects that, despite receiving service, the Franklin County Sheriff's Department failed to timely answer, or otherwise move, as to the initial Complaint. Plaintiff, however, failed to move for an entry of default and the Sheriff's Department began participating in this case. Specifically, the Sheriff's Department attended the September 5, 2012 Preliminary Pretrial Conference via telephone and then filed its Motion to Dismiss on September 18, 2012, within twenty-one days of the filing of Plaintiff's Amended Complaint. Moreover, Plaintiff has been able to respond to the substantive contentions of the Sheriff's Department. Under these circumstances, the Court will not deny the Motion on procedural grounds.

Moving to the merits, the Sheriff's Department contends that, with regard to any potential 42 U.S.C. § 1983 claims, Plaintiff has failed to plead sufficient facts to support municipal liability. Additionally, the Sheriff's Department asserts that it is entitled to political subdivision immunity pursuant to Ohio Revised Code § 2744.02.[6]

---

[6] Because the Court finds these contentions persuasive, it is unnecessary to address the Franklin County Sheriff's Department contention is not *sui juris*.

7

### a.   Liability under 42 U.S.C. § 1983

Although the Amended Complaint is not entirely clear, Plaintiff appears to seek liability against Franklin County based on the actions of an employee of the Sheriff's Department.[7] As discussed above, Plaintiff alleges that a Sheriff's Department employee physically assaulted her while she was confined in the Jackson Pike Women's Workhouse. (Am. Compl. 4–5.) The majority of Plaintiff's claims are for constitutional violations and are, therefore, analyzed pursuant to 42 U.S.C. § 1983.

The United States Court of Appeals for the Sixth Circuit has recently provided the following guidance as to when a municipality (or, in this case, a county entity) is liable for constitutional violations pursuant to § 1983:

> The Supreme Court has approved municipal liability based on § 1983 when "the [municipal] action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where such actions emanate from informal governmental custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In other words, the constitutional violation must have sprung from "official policy" in one form or another. *Id.* at 694, 98 S.Ct. 2018. As such, local government units cannot be held liable mechanically for their employees' actions under a *respondeat superior* theory. *Id.* at 691, 98 S.Ct. 2018. The plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bryan Cnty. Bd. of Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). He "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

*Alman v. Reed*, 703 F.3d 887, 903–04 (6th Cir. 2013).

In this case, the Court finds that Plaintiff has failed to plead sufficient facts to state a

---

[7] There is no indication from the Amended Complaint that Plaintiff is attempting to sue the Franklin County Sheriff in his individual capacity. Regardless, the Amended Complaint fails to provide a sufficient factual basis for any such individual liability.

facially plausible claim for municipal liability against Franklin County.  Nothing in the original

or Amended Complaint, outside of conclusory legal assertions, indicates that Franklin County

was a moving force behind the alleged constitutional violations.  In other terms, Plaintiff's

pleadings do not allow for a reasonable inference that a Franklin County policy or custom

contributed to the conduct in question.  Consequently, dismissal of Plaintiff's § 1983 claims is

appropriate.

> **b.** **Political Subdivision Immunity**

In addition to § 1983 claims, Plaintiff purports to bring state law claims against the

Sheriff's Department for battery, defamation, and infliction of emotional distress.  (*See* Am.

Compl. 6.)  The Sheriff's Department maintains that it is entitled to immunity from such claims

pursuant to Ohio Revised Code § 2744.02.

Ohio statutory provides immunity to political subdivisions for civil damages.  Ohio

Revised Code § 2744.02 specifically provides:

> Except as provided in division (B) of this section, a political subdivision is not liable
> in damages in a civil action for injury, death, or loss to person or property allegedly
> caused by any act or omission of the political subdivision or an employee of the
> political subdivision in connection with a governmental or proprietary function.

Ohio Rev. Code § 2744.02(A)(1).  Section 2744.02(B) provides five specific exceptions to

immunity:

> (1) [N]egligent operation of a motor vehicle by an employee of the political
> subdivision when the employee is engaged within the scope of his employment and
> authority; (2) negligent performance of acts by employees of the political subdivision
> with respect to proprietary functions of the political subdivision; (3) negligent failure
> to keep public roads in repair and remove obstructions from public roads; (4)
> negligence of employees that occurs within or on the grounds of, and is due to
> physical defects within or on the grounds of, buildings that are used in conjunction
> with the performance of a governmental function; and (5) when civil liability is

9

expressly imposed upon the political subdivision by another section of the Ohio Revised Code.

*Ewing v. Lucas Cnty. Dept. of Job, & Family Servs.*, No. 3:12–CV–743, 2012 WL 6048992, at *8 (N.D. Ohio Dec. 5, 2012) (citing Ohio Rev. Code § 2744.02(B)(1)–(5)). The exceptions to immunity within § 2744.02(B), however, do not apply to intentional tort claims. *Weldon v. Warren Cnty. Children Servs.*, No. 1:12–cv–279, 2012 WL 5511070, at *9 (S.D. Ohio Nov. 4, 2012).

In this case, the Court finds it clear from the face of the Complaint that political subdivision immunity applies. Franklin County is a political subdivision under Ohio law. *See* Ohio Rev. Code § 2744.01(F) (including counties within the definition of political subdivision). Moreover, the "operation of jails" is a "governmental function" for the purpose of Ohio Revised Code Chapter 2744. Ohio Rev. Code § 2744.01(C)(2)(h). Finally, the factual allegations in the Amended Complaint make clear that, with regard to Franklin County, Plaintiff is pursuing intentional tort claims. After all, the factual assertions relating to Franklin County involve an employee's alleged assault of Plaintiff while she was incarcerated. Accordingly, exceptions to immunity based on negligent conduct do not apply. Under these circumstances, Ohio Revised Code § 2744.02 bars the state-law relief Plaintiff seeks against Franklin County.

## 2. Defendants Corso, Gallicchio, and Swanson

The Court will next address the Motions to Dismiss of Defendants Corso, Gallicchio, and Swanson. These Defendants maintain that Plaintiff's claims against them are not facially plausible.[8]

---

[8] Defendants Corso, Gallicchio, and Swanson also maintain that Plaintiff's claims are barred under the relevant statutes of limitations. With regard to these Defendants, it is

Upon review, the Court agrees that Plaintiff fails to state any facially plausible claim against these Defendants. The exact nature of Plaintiff's claims against Defendants Corso, Gallicchio, and Swanson is difficult to decipher. As detailed above, Plaintiff contends that these Defendants own the establishment formerly known as the Sugar Bar. (Am. Compl. 6.) Plaintiff further maintains that seventy-eight days after the April 2010 incident, the Defendants closed the Sugar Bar. (*Id.* at 8.)

From these facts the Court cannot reasonably infer liability as to any of Plaintiff's listed claims. To the extent Plaintiff brings § 1983 against the Sugar Bar owners, the factual allegations do not sufficiently establish that they are state actors. *See Dubuc v. Green Oak Tp.*, 482 F. App'x 128, 133 (6th Cir. 2012) ("To hold a private party liable under § 1983, a plaintiff must prove that the actor deprived [her] of a guaranteed right under color of [state law], and . . . that [the party's] actions were properly attributable to the state, i.e. that [the party] qualified as a state actor.") (internal quotations omitted). Moreover, the alleged conduct—the closing of the Sugar Bar—does not establish the elements of state law claims for battery, defamation, or infliction of emotional distress. Finally, the Amended Complaint does not plead sufficient facts to hold Defendants Corso, Gallicchio, and Swanson individually liable based solely on their ownership of the Sugar Bar.

Construing Plaintiff's Amended Complaint liberally, she may be attempting to bring a claim for tortious interference with civil litigation. After all, Plaintiff asserts that the Sugar Bar owners interfered with her ability to investigate and interview witnesses concerning her potential lawsuit. Under Ohio law, the elements of such a claim are as follows: "'(1) pending or probable

---

unnecessary to reach this assertion.

11

litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Hope v. Lake Cty. Bd. of Comm'rs*, No. 2008-L-173, 2009 WL 3720677, at *8 (Ohio Ct. App. Nov. 6, 2009) (quoting *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993)).

Even assuming Plaintiff attempts to bring a tortious interference cause of action, she fails to state a facially plausible claim. Plaintiff fails to provide sufficient facts to establish that Defendants Corso, Gallicchio, and Swanson knew that litigation involving Plaintiff was probable. Moreover, despite Plaintiff's cursory assertions regarding conspiracy, she fails to plead sufficient facts to allow for a reasonable inference that the closing of the Sugar Bar was an attempt to disrupt her potential case.

### 3. Officers Keefe and Hargus

Officers Keefe and Hargus also move for dismissal of Plaintiff's claims. Officers Keefe and Hargus specifically maintain that all of Plaintiff's claims are barred pursuant to the relevant statute of limitations. Moreover, they contend that Plaintiff's August 30, 2012 Amended Complaint—in which they are named—should not relate back to the initial April 13, 2012 Complaint.

Once again, within her Amended Complaint, Plaintiff maintains that on April 16, 2010, Officers Keefe and Hargus arrested her, "hogtied" her, and dragged her down a public street. (Am. Compl. 3–4.) Based on this conduct, Plaintiff brings state-law claims against these officers for battery, defamation, and infliction of emotional distress. (*See id.* at 6.) Under Ohio law, the statute of limitations period for both defamation and battery is one year after the cause of action

12

accrues. Ohio Rev. Code § 2305.11(A) (defamation); Ohio Rev. Code § 2305.111(B) (battery). Plaintiff's claims against Officers Keefe and Hargus could be for false arrest, which also applies a one-year limitation period. *May v. McGrath*, No. 2:11–cv–0839, 2013 WL 1401371, at *6 (S.D. Ohio Apr. 5, 2013).

With regard to Plaintiff's claim for intentional infliction of emotional distress, Ohio law generally applies a four-year limitation period. *Smith v. Montgomery Cnty. Sheriff's Office*, No. 3:10–cv–448, 2012 WL 4792398, at *14 (S.D. Ohio Oct. 9, 2012) (Report and Recommendation later adopted). Nevertheless, "[t]he statute of limitations in Ohio which applies to the intentional infliction of emotional distress can vary depending on the type of action which gives rise to the claim." *Id.* Specifically, "when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress." *Id.*; *see also Stafford v. Columbus Bonding Ctr.*, 177 Ohio App. 3d 799, 810 (Ohio Ct. App. 2008) ("It is also well settled that assault and battery cannot be transformed into some other cause of action subject to a longer statute of limitations, as such would circumvent the statute of limitations for assault and battery."). Here, Plaintiff's factual allegations indicate that her emotional distress claims are premised on the officers alleged acts of battery and false arrest. Accordingly, a one-year limitation period also applies to such claims.

Applying the relevant one-year limitations period to Plaintiff's state law claims, it is clear from the face of Plaintiff's original and Amended Complaints that such claims are untimely. Plaintiff's causes of action accrued on, or shortly after, April 16, 2010, when the alleged events took place. Even assuming that Plaintiff's Amended Complaint relates back to the original, resulting in a filing date of April 13, 2012, such claims were still filed well after the applicable

13

limitations period.  Under these circumstances, the Court dismisses Plaintiff's state-law claims as untimely.

Plaintiff also brings claims against Officers Keefe and Hargus for constitutional violations under 42 U.S.C. § 1983.  "The applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual."  *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010).  In this case, Plaintiff field her initial Complaint within the relevant two-year period.  Nevertheless, Plaintiff filed her Amended Complaint—which actually names Officers Keefe and Hargus—on August 30, 2012, outside the applicable two-year period.  Accordingly, for the purposes of Plaintiff's § 1983 claims, the Court must decide whether the Amended Complaint relates back to the original.

Federal Rule of Civil Procedure 15(c) governs when an amendment will relate back to the original pleading.  "[W]hen an amended complaint is found to relate back, newly added defendants or claims are included as if they had been part of the case from the beginning."  *Smith v. Gallia Cnty. Sheriff*, No. 2:10-cv-1184, 2011 WL 2970931, at *4 (S.D. Ohio July 4, 2011). Rule 15(c) sets forth two requirements for relation back when a plaintiff has changed the parties to the suit.  *See* Fed. R. Civ. P. 15(c)(1)(C).  First, the newly added party must have received notice of the action within 120 days of the filing of the original Complaint.  Fed. R. Civ. P. 15(c)(1)(C)(i).  Second, within 120 days of the filing of the original Complaint, the newly added party must have either known or should have known, "that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  Importantly, the Sixth Circuit case law holds that "adding new, previously unknown defendants in the place of 'John Doe' defendants 'is considered a change in parties, not

14

a mere substitution of parties,' and 'such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ].'"[9] *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Finally, "the plaintiff bears the burden of demonstrating that the requirements of Rule 15(c) have been met." *Gallia Cnty. Sheriff*, 2011 WL 2970931, at *4.

Here, Plaintiff's pleadings reflect that the Amended Complaint does not relate back to the initial Complaint. Even assuming that Officers Keefe and Hargus were aware of this lawsuit within the relevant 120 day period, the pleadings and briefing before the Court indicate that Plaintiff did not make a mistake within the meaning of Rule 15(c). As detailed above, Plaintiff filed her initial Complaint on April 13, 2010, bringing claims against the City of Columbus, the Franklin County Sheriff's Department, and "Unknown Defendants." Plaintiff's August 30, 2012 Amended Complaint retained the original Defendants and added several individual Defendants, including Officers Keefe and Hargus. The Amended Complaint in no way indicates that the initial Complaint named improper defendants. Rather, the pleadings suggest that Plaintiff learned the identity of some of the "Unknown Defendants" referred to in the initial Complaint. These circumstances suggest that Plaintiff did not discover the identity of several Defendants until after the two-year limitation period. *See City of Akron*, 476 F. App'x at 69 (noting that the relevant plaintiff "did not make a mistake about which defendant to sue; he simply did not know whom to sue or opted not to find out within the limitations period").

---

[9] Albeit in an unpublished decision, the Sixth Circuit has held that the Supreme Courts decision in *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485 (2010), relating to mistake under Rule 15(c), does not alter the Sixth Circuit's interpretation of Rule 15(c). *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).

Although the Complaint and Amended Complaint indicate that Plaintiff's § 1983 claims are time-barred, the Court recognizes that Rule 15(c) involves a factual inquiry concerning the added Defendants' knowledge. Given Plaintiff's *pro se* status, and in an abundance of caution, the Court will allow Plaintiff a final opportunity to demonstrate that the relation back requirements of Rule 15(c) are satisfied. Plaintiff is **DIRECTED** to submit **WITHIN FOURTEEN (14) DAYS** of the date of this Order evidence demonstrating both that (1) Officers Keefe and Hargus were on notice of this lawsuit within 120 days of April 13, 2012 *and* (2) that Officers Keefe and Hargus knew, or should have known, that the reason Plaintiff did not include them in the initial Complaint was because of a *mistake* concerning their identity.[10] If necessary, Defendants may reply to Plaintiff's submission **WITHIN SEVEN DAYS**. Accordingly, the Court will defer final determination as to whether Plaintiff's § 1983 claims against Officers Keefe and Hargus at this time.

### 4. Defendant Wycuff

Finally, Defendant Wycuff also moves for dismissal of Plaintiff's claims. Defendant Wycuff asserts that Plaintiff fails to state any facially plausible claim against him. Defendant Wycuff further contends that the applicable statutes of limitations bar any conceivable claim against him.

The Court agrees that the bulk of Plaintiff's purported claims fail to state viable claims.

---

[10] The Court is aware that Plaintiff has filed a motion for an extension of discovery time, which is currently pending. (ECF No. 74.) At this time, the Court makes no determination as to this Motion. The Court, however, will not allow Plaintiff additional time, beyond the fourteen day period, for discovery as to relation back under Rule 15(c). Defendants filings put Plaintiff on notice of the relation back issue as early as September 2012. Moreover, Plaintiff should be aware of the steps she took to notify Defendants of this lawsuit.

As with other Defendants, the exact nature of Plaintiff's claims against Defendant Wycuff.

Within the Amended Complaint, Plaintiff contends that Defendant Wycuff, the doorman for

Sugar Bar on the night in question, (1) ignored her initial report regarding the theft of her purse

and refused to assist her and (2) made a hand signal to police when Plaintiff was attempting to

control the crowd leaving the Sugar Bar. (Am. Compl. 3.) Even noting the alleged hand signal

to police, the Court finds that the Amended Complaint lacks sufficient detail to allow for a

reasonable inference that Defendant Wycuff was operating as a state actor. Rather, from the facts

pled, it appears that Defendant Wycuff signaled the police in his capacity as a Sugar Bar

employee. Moreover, Plaintiff fails to plead sufficient facts to hold Defendant Wycuff

responsible for any battery or defamation on the part of police officers. Finally, the alleged

conduct of Defendant Wycuff is not severe enough to establish intentional infliction of emotional

distress. *Cf. Bolander v. BP Oil Co.*, 128 F. App'x 412, 419 (6th Cir. 2005) ("To say that Ohio

courts narrowly define extreme and outrageous conduct would be something of an

understatement.").

The Court, however, finds it relatively clear that Plaintiff is also attempting to bring a

negligence claim against Defendant Wycuff.[11] She specifically maintains that Defendant Wycuff

breached a duty of care, owed to her as a patron of the Sugar Bar, by failing to assist her when

she reported a crime. (Am. Compl. 3.) Plaintiff's allegations imply that Defendant's Wycuff's

inaction contributed to the ultimate loss of her purse. (*See id.*) Defendant Wycuff fails to

develop any argument specifically related to this negligence claim, and the Court, therefore, will

---

[11] Notably, Defendant Wycuff's briefing implies that Plaintiff may be attempting to bring a claim for negligence. (*See* Wycuff Mot. Dismiss 6, ECF No. 22.)

17

not address the merits of the claim at this time.

Even assuming Plaintiff has plead a facially plausible negligence claim, the Court must consider whether the applicable statute of limitations bars this claim. Defendant Wycuff maintains that a two year statute of limitations applies to any conceivable claim for negligence. *See* Ohio Rev. Code § 2305.10(A) (applying a two-year limitation period to actions based on injury to personal property). The Court disagrees. Under Ohio law, a four-year statute of limitations applies to actions involving "the recovery of personal property, or for taking or detaining it." Ohio Rev. Code § 2305.09(B). Although the distinction is subtle, and case law is limited, Ohio courts have placed claims involving the loss of personal property—as opposed to injury to personal property—within the four-year category of § 2305.09(B). *See, e.g., Graham v. Allen Cty. Sheriff's Office*, No. 1-06-14, 2006 WL 2337590, at *3 (Ohio Ct. App. Aug. 14, 2006) ("Actions to recover damages for the loss of personal property are subject to a four-year statute of limitations."); *Thomas v. City of Columbus*, 39 Ohio App. 3d 53, 53 (Ohio Ct. App. 1987) ("In an action to recover damages for loss of personal property, as opposed to injury to personal property, the applicable statute of limitations is R.C. 2305.09 (four years) and not R.C. 2305.10 (two years).") (paragraph 1 of syllabus). Here, Plaintiff's cause of action involves the taking and/or loss of, as opposed to injury to, her property. Accordingly, the four-year limitation period applies.[12] Because Plaintiff filed her Amended Complaint well within the relevant four-year time frame, her negligence claim is not time-barred.

---

[12] Neither party offers detailed briefing on the applicable statute of limitations period for Plaintiff's negligence claim. If provided more complete briefing, the Court will revisit this issue at the dispositive motion stage.

18

**B.    Motion for Reconsideration**

At this time, the Court will also consider Plaintiff's Motion for Reconsideration of the

Magistrate Judge's March 5, 2013 Opinion and Order.  As detailed above, Plaintiff moved for an

extension of time to serve Defendant Wycuff and for leave to add Officer Burns as a defendant.

The Magistrate Judge denied any extension of service time as moot and denied leave to add

Officer Burns as a party, finding that such an amendment would be futile.

Regardless of whether Plaintiff's Motion is construed as seeking reconsideration or as an

objection to the Magistrate Judge's ruling, it is **DENIED**.  With regard to Defendant Wycuff,

Plaintiff misunderstands the Magistrate Judge's Opinion and Order, which is actually in her

favor.  The Magistrate Judge determined that in light of Defendant Wycuff's participation in this

case, he waived any deficiency in service.  This case is, therefore, proceeding as if Plaintiff

properly served Defendant Wycuff.  Accordingly, any extension of service time is unnecessary.

With regard to Officer Burns, the Court agrees with the Magistrate Judge that allowing

Plaintiff to file a Second Amended Complaint—to add Officer Burns as a defendant—would be

futile.  Specifically, any potential action against Officer Burns would be barred by the applicable

statute of limitations.  *See Huntley v. Ohio Ass'n of Public Sch. Emp.*, No. 11–3345, 2012 WL

3518556, at *3 (6th Cir. Aug. 15, 2012) (holding that denial of leave to amend was correct when

the statute of limitations on the suggested claim had expired).  Plaintiff seeks to add Officer

Burns as the previously unknown individual who slammed her head into a metal bench at the

Jackson Pike Women's Workhouse.  As the Magistrate Judge outlined, any potential claim

arising from this conduct would have either a one or two year statute of limitations period.  (*See*

Opinion & Order 6, ECF No. 68.)  Accordingly, any potential claim would be untimely.

19

Moreover, Plaintiff concedes that Officer Burns is a newly discovered individual and was an

"Unknown Defendant" at the time of the initial Complaint. (Mot. Extend 1, ECF No. 58.)  For

the reasons described above, such circumstances indicate that Plaintiff can not satisfy the

"mistake" requirement within Rule 15(c).  Accordingly, any potential amendment would not

relate back to the original Complaint for statute of limitations purposes.

### IV.  CONCLUSION

For the foregoing reasons, the Court rules as follows:

- The Motion to Dismiss Claims Against Defendants Officer Brian Keefe and Officer Daniel Hargus' in Amended Complaint (ECF No. 15) is **GRANTED** in part.  The Court defers determination as to whether Plaintiff's 42 U.S.C. § 1983 claims against Officers Keefe and Hargus are time-barred.  Plaintiff is **DIRECTED** to submit **WITHIN FOURTEEN (14) DAYS** of the date of this Order evidence demonstrating both that (1) Officers Keefe and Hargus were on notice of this lawsuit within 120 days of April 13, 2012 *and* (2) that Officers Keefe and Hargus knew, or should have known, that the reason Plaintiff did not include them in the initial Complaint was because of a *mistake* concerning their identity.  If necessary, Defendants may reply to Plaintiff's submission **WITHIN SEVEN DAYS**.

- Defendant Franklin County Sheriff's Motion to Dismiss Plaintiff's Complaint (ECF No. 16) is **GRANTED**.

- The Motions to Dismiss of Defendants Chris Corso, Michael Gallicchio, and Brian Swanson (ECF Nos. 19, 20, 21) are **GRANTED**.

- The Motion to Dismiss of Defendant Josh Wycuff (ECF No. 22) is **GRANTED** in part and **DENIED** in part.  Plaintiff's claim against Defendant Wycuff for negligence remain, all other claims are **DISMISSED**.

- Plaintiff's Motion for Reconsideration (ECF No. 69) is **DENIED**.

In light of these determinations, the Clerk is **DIRECTED** to terminate Defendants Franklin

County Sheriff's Department, Chris Corso, Michael Gallicchio, and Brian Swanson.[13]  On March 29, 2013, the Court extended the parties' dispositive motions deadline until fifteen days after the Court's decision on the current Motions to Dismiss.  This filing period shall begin to run from the date that the Court reaches a final decision as to the 42 U.S.C. § 1983 claims against Officers Keefe and Hargus.

　　**IT IS SO ORDERED.**

4-19-2013
_____

**DATE**

_____

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[13]  Within her briefing, Plaintiff implies that the Court should grant her an opportunity to amend her pleadings in lieu of dismissal.  Any such request is denied.  Plaintiff has already filed an Amended Complaint in this case.  Within the September 5, 2012 Preliminary Pretrial Order, the Court required motions to amend to be filed by September 28, 2012.  Moreover, Defendants' Motions to Dismiss should have alerted Plaintiff to potential problems with her pleadings at a relatively early stage in this case.  Finally, the record before the Court indicates that granting an opportunity to amend, as to the dismissed Defendants, would be futile.  Under these circumstances, the Court will not allow Plaintiff further opportunity to amend.

21