UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAGNA TRIPPLETT-FAZOZNE,

    Plaintiff,

v.

CITY OF COLUMBUS DIVISION OF
POLICE, *et al.*,

    Defendants.

Case No. 2:12-CV-00331
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

## ORDER

This action stems from an incident occurring on April 16, 2010. On April 13, 2012, Plaintiff filed her original Complaint in this action, naming the City of Columbus, the Franklin County Sheriff's Department, the Sugar Bar, and Unknown Defendants. (Compl. 1, ECF No. 2.) On August 30, 2012, Plaintiff filed an Amended Complaint, which added various Defendants, including Officers Brian Keefe and Daniel Hargus. (Am. Compl. 1–2, ECF No. 10.) On April 19, 2013, the Court issued an Opinion and Order considering various Motions to Dismiss in this case, including the Motion to Dismiss of Officers Keefe and Harris. (*See* Opinion & Order, ECF No. 77.)

Plaintiff attempts to bring state law claims and 42 U.S.C. § 1983 constitutional claims against Officers Keefe and Harris. Officers Keefe and Hargus challenge the timeliness of Plaintiff's claims. Upon review, the Court dismissed Plaintiff's state law claims against these Defendants as untimely. With regard to Plaintiff's § 1983 claims—governed by a two-year statute of limitations—the Court recognized that whether the Amended Complaint relates back to original Complaint controls the issue. Based on the pleadings, the Court found that the Amended

Complaint did not satisfy the requirements for relation back under Federal Rule of Civil Procedure 15(c). The Court stressed that adding a new, previously unknown, defendant does not meet the mistake requirement of Rule 15(c).

In an abundance of caution, and given Plaintiff's *pro se* status, the Court allowed Plaintiff an opportunity to present evidence satisfying the relation back requirements of Rule 15(c). The Court specifically directed Plaintiff to submit "evidence demonstrating both that (1) Officers Keefe and Hargus were on notice of this lawsuit within 120 days of April 13, 2012 *and* (2) that Officers Keefe and Hargus knew, or should have known, that the reason Plaintiff did not include them in the initial Complaint was because of a *mistake* concerning their identity." (Opinion & Order 16.) In response to this directive, Plaintiff submitted supplemental briefing and evidence on May 3, 2013. (ECF No. 84.)

After reviewing Plaintiff's supplemental filing, the Court finds that Plaintiff's Amended Complaint does not relate back to the initial Complaint. Within her supplemental briefing, Plaintiff sets forth a time line of her actions, and the circumstances she faced, in bringing this lawsuit. Plaintiff also submits briefing and evidence regarding her internal affairs complaints against the officers. Plaintiff fails to demonstrate through her submissions, however, that Officers Keefe and Hargus knew—or should have known—that but for a mistake regarding their identity, Plaintiff would have included them within her initial Complaint.[1] As described within the April 19, 2013 Opinion and Order, Plaintiff filed her Amended Complaint outside the relevant two-year period. Because the Amended Complaint does not relate back to the original

---

[1] It is also questionable, at the very least, whether the Officers—as opposed to the City of Columbus—were on notice of this lawsuit within 120 days of April 13, 2012.

Complaint, Plaintiff's § 1983 claims against Officers Harris and Keefe are untimely.

To the extent Plaintiff's submissions can be read as requesting equitable tolling of the two year limitations period, any such request is denied. The doctrine of equitable tolling "is to be used in exceptional circumstances and relief should only be granted sparingly." *Lee v. Brunsman*, 474 F. App'x 439, 441 (6th Cir. 2012). To be entitled to equitable tolling, a plaintiff must generally establish that "she diligently pursued her rights, and some extraordinary event beyond her control prevented her from timely filing her claims." *Lyons v. Metro/ Gov't of Nashville & Davidson Cnty.*, 416 F. App'x 483 (6th Cir. 2011). Moreover, a plaintiff's *pro se* status does not provide a compelling basis for equitable tolling. *Johnson v. Miller*, No. 2:11–CV–726, 2012 WL 2199344, at *1 (S.D. Ohio June 15, 2012). In this case, Plaintiff has failed to sufficiently establish why she was unable to bring a timely action against Officers Keefe and Hargus, and the Court is unable to conclude that she diligently pursued her rights. Even acknowledging Plaintiff's various stated reasons for delay, the current record still reflects that Plaintiff should have been able to file an action against Officers Keefe and Hargus within the two-year period.

For the foregoing reasons, as well as the reasoning within the Court's April 19, 2013 Opinion and Order, Plaintiff's remaining claims against Defendants Officer Brian Keefe and Officer Daniel Hargus are **DISMISSED**. The Clerk is **DIRECTED** to terminate these Defendants from this action. The Court will establish a new dispositive motion deadline for this action when it addresses Plaintiff's currently pending Motion to Extend Discovery. (ECF No. 74.)

IT IS SO ORDERED.

_5-13-2013_
DATE

_/s/_
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE